UNITED STATES of America,
Plaintiff–Appellee,

v.

Kevin Lee BARKLEY, Defendant–
Appellant.

No. 00–10558.

D.C. No. CR–00–00488–EHC.

United States Court of Appeals,
Ninth Circuit.

Submitted June 11, 2001.*

Decided June 21, 2001.

Before O'SCANNLAIN, SILVERMAN
and GOULD, Circuit Judges.

MEMORANDUM **

Kevin Lee Barkley appeals the 18–month sentence imposed following his guilty plea to one count of counterfeiting, in violation of 18 U.S.C. § 471, one count of producing false documents, in violation of 18 U.S.C. § 1028(a)(1), and one count of possession of false identification document implements, in violation of 18 U.S.C. § 1028(a)(5). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Barkley contends that the district court erred when it enhanced his sentence pursuant to U.S.S.G. § 2B5.1(b)(2) (increasing offense level to 15 where defendant manufactured or produced any counterfeit obligation or possessed a counterfeiting device). This contention lacks merit.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

We review de novo the district court's application of the sentencing guidelines, and its factual findings for clear error. *United States v. Taylor*, 991 F.2d 533, 535 (9th Cir.1993).

Because there was evidence supporting the district court's finding that the bills were of a "remarkable" quality and that Barkley's counterfeiting operation was more sophisticated than mere photocopying, the district court properly applied U.S.S.G. § 2B5.1(b)(2). *Taylor*, 991 F.2d at 535 (concluding that the use of a black and white copier for counterfeiting bills was of a high enough sophistication to apply § 2B5.1). We therefore affirm the district court's application of U.S.S.G. § 2B5.1(b)(2).

AFFIRMED.[1]

---

1. All outstanding motions are denied as moot.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.